*CLOSED*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Hon. Stanley R. Chesler, U.S.D.J. |
|  | Civil Action No. 10-2140 (SRC) |
|  | **OPINION & ORDER** |
| HOWARD KOMENDANT, C.P.A., P.C., |  |
| Debtor. |  |
| ROBERT DANCZIGER, |  |
| Appellant, |  |
| v. |  |
| HOWARD KOMENDANT, C.P.A., P.C., |  |
| Appellee. |  |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the appeal filed by Appellant Robert Dancziger ("Dancziger."). Dancziger appeals from the March 3, 2010 Order entered by the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") in the bankruptcy proceeding In Re Howard Komendant CPA, PC , No. 09-31752 (DHS). The appellee, Debtor Howard Komendant, C.P.A., P.C. (the "Debtor"), has filed his opposition to the appeal. For the reasons stated below, the Court affirms the March 3, 2010 Order.

This Court has jurisdiction to hear appeals of the final judgments and orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). This Court reviews the Bankruptcy Court's "legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for

abuse thereof." In re American Pad & Paper Co., 478 F.3d 546, 551 (3d Cir. 2007); see also Fed. R. Bankr. P. 8013.  Even an order that is not final under § 158(a) may be appealable under the collateral order doctrine established in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).  The Third Circuit has applied Cohen to provide

> a narrow exception to the general rule permitting appellate review only of final orders. An appeal of a nonfinal order will lie if (1) the order from which the appellant appeals conclusively determines the disputed question; (2) the order resolves an important issue that is completely separate from the merits of the dispute; and (3) the order is effectively unreviewable on appeal from a final judgment. . . .  To this end, as a doctrinal matter, orders that meet the three prongs described above are deemed to be "final decisions" within the meaning of the statute.

Petroleos Mexicanos Refinacion v. M/T King A (Ex-Tbilisi), 377 F.3d 329, 334 (3d Cir. 2004).

This appeal arises from a Chapter 7 petition filed in Bankruptcy Court on August 19, 2009.  On September 30, 2009, the Debtor filed a motion for damages for creditor misconduct, seeking sanctions against creditor Dancziger, in connection with the issuance and service of over 160 Restraining Notices, in violation of the automatic stay.  No opposition to the motion was filed.  On November 10, 2009, the Bankruptcy Court held a hearing on the motion.  At the hearing, Dancziger appeared, accompanied by New York counsel but not New Jersey counsel, and asked for an adjournment of the motion on the ground that he had not yet obtained local counsel.  The Court observed that Dancziger had appeared before it two weeks earlier and had said the same thing.  The Court asked Dancziger whether he had any defense to the motion, and Dancziger answered that his defense was that the Debtor had sustained no damages.  Counsel for the Debtor contended that the resultant damages included legal fees as well as damage to the Debtor's reputation and business.  Dancziger's New York counsel conceded to the Court that, as to the Restraining Notices, the "error was saying that the funds of the debtor in this Court should

have been restrained." (November 10, 2009 Tr. at 7:4-5.) At the conclusion of the hearing, the Court denied the application for an adjournment, and stated that a decision would be forthcoming and based on the papers.

On March 3, 2010, the Bankruptcy Court entered an Order which granted the motion for sanctions, awarding compensatory damages in an amount to be determined, as well as punitive damages, pursuant to 11 U.S.C. § 362(k), in the amount of five thousand dollars. Dancziger then timely filed this appeal. The appeal is directed to the award of punitive damages only.

On appeal, Dancziger makes three arguments: 1) Debtor failed to prove that Dancziger willfully violated the stay; 2) Debtor failed to show that punitive damages were warranted; and 3) 11 U.S.C. § 362(k) protects only individuals, and not corporations, and Debtor is a corporation.

The problem with these arguments is that they are presented for the first time on appeal. The record of the hearing of November 10, 2009 shows that Dancziger opposed the motion on two grounds: 1) he had not yet obtained New Jersey counsel; and 2) Debtor has sustained no damages. This Court will not consider arguments made for the first time on appeal. "It is well established that failure to raise an issue in the district court constitutes a waiver of the argument." Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991). None of the three arguments raised on appeal were raised in the Bankruptcy Court. This leaves Danziger with no arguments on appeal. This Court has no basis to find that the Bankruptcy Court erred in awarding punitive damages.

Furthermore, this Court observes that the Bankruptcy Court's handling of this matter appears completely reasonable. Dancziger never filed any opposition to the motion for sanctions, and the Bankruptcy Court twice raised the issue of when he would obtain local counsel. After

the hearing in November of 2009, the Court waited almost four months before granting the motion.  On January 3, 2010, local counsel for Dancziger entered an appearance.  It was not until two months later – with Dancziger now represented by local counsel, and with still no opposition filed – that the Bankruptcy Court granted the motion and entered the Order appealed from.  As of March 3, 2010, there were only two grounds to deny the motion for sanctions in the record before the Bankruptcy Court, and the objection on the basis of the lack of local counsel had been addressed.  The only remaining objection of record was the contention that there were no actual damages.  That cannot suffice as an objection to an award of punitive damages.  There was no opposition of record to an award of punitive damages and it was not error for the Bankruptcy Court to make such an award.

When the Bankruptcy Court concluded the hearing of November 10, 2010, it put Dancziger on notice that its decision on the motion would be made on the basis of the papers.  The Bankruptcy Court gave Dancziger more than ample opportunity to file opposition to an award of punitive damages, and Dansziger did not do so.  Having failed to ever file opposition papers, and thus having failed to timely raise any objections to the award of punitive damages, Dancziger has shown no basis for this Court to find that the Bankruptcy Court erred.

For these reasons,

**IT IS** on this 19th day of July, 2010,

**ORDERED** that the Bankruptcy Court's Order of March 3, 2010 is hereby **AFFIRMED**.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.